UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ENOVATE MEDICAL, LLC,

   Plaintiff,

v.

DEFINITIVE TECHNOLOGY GROUP, LLC,

   Defendant.

Civil Action No. 1:18-cv-10296-RGS

## DTG'S AMENDED COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Definitive Technology Group, LLC ("DTG") asserts the following Amended Counterclaim against Enovate Medical, LLC ("Enovate"):

### The Parties

1. DTG is a is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, having a principal place of business at 301 Edgewater Place, Wakefield, Massachusetts 01880.

2. Enovate purports to be a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1152 Park Avenue, Murfreesboro, Tennessee 37129.

### Jurisdiction and Venue

3. This is a Counterclaim for Declaratory Relief for which this Court has jurisdiction under Title 35 of the United States Code, as well as under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over Enovate by virtue of the Complaint Enovate filed in this Court and Enovate's significant contacts with this forum.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

### Factual Background

6. On February 16, 2018, Enovate filed the current lawsuit against DTG in which Enovate asserts that DTG has infringed U.S. Patent No. 7,782,607 (the "'607 Patent").

7. DTG denies Enovate's allegations of infringement. Consequently, there is an actual case or controversy between the parties over the non-infringement of the '607 Patent.

8. The '607 Patent is titled "Mobile Workstation Having Power System with Removable Battery Configured for Drop-in Engagement therewith."  In its Complaint, Enovate asserts allegations of direct, induced, and contributory infringement of Claims 1, 2, 12, 13, and 14 of the '607 Patent.

9. Claims 1 and 12 are independent claims, while Claim 2 is dependent on Claim 1 and Claims 13 and 14 are dependent on Claim 12.  Each of these claims include required elements, including but not limited to the elements outlined herein, that are not present in the battery systems distributed by DTG.

10. Claims 1 and 2 are apparatus (mobile workstation) claims and require that a mobile workstation be comprised of a "removable battery assembly [that] includes a charge state and a discharge state, the removable battery assembly being in the discharge state *whenever* docked with the battery docking station."  (Emphasis added).

11. Claims 12, 13, and 14 are method claims and require the following step:

> [P]owering the computerized device of the mobile workstation with a removable battery assembly docked with a battery docking station of a power system resident on the mobile workstation, including discharging a battery of the removable battery assembly *whenever* the removable battery assembly is docked with the battery docking station and the power system is on.

(Emphasis added.)

12. Claims 12, 13, and 14 also require the following step:

> [D]ocking a substitute battery assembly with the battery docking station, including engaging the Substitute battery assembly in a guide defined by a holster of the battery docking station at a location between the wheeled base and the computerized device, including discharging a battery of the Substitute battery assembly *whenever* the substitute battery assembly is docked with the docking station and the power system is on.

(Emphasis added.)

13. Based on this unambiguous language from each of the asserted claims, in order for a mobile workstation to infringe the '607 Patent, it must have a removable battery that is *always* in the discharge state *whenever* it is docked with the mobile workstation.

14. This fact is made more evident by the prosecution history of the application that ultimately resulted in the '607 Patent. During prosecution, the applicants specifically and clearly argued that workstations that can receive power from wall outlets are outside of the scope of what is claimed in the application that ultimately issued as the '607 Patent.

15. DTG is in the business of designing and distributing battery systems for mobile workstations (the "DTG Battery System") and workstations equipped with the DTG Battery Systems, as well as refurbishing and retrofitting workstations with the DTG Battery System.

16. A key feature of the DTG Battery System is that a removable battery can be charged while the battery is docked with the DTG Battery System's controller.

17. This key component of the DTG Battery System takes it outside of the claims of the '607 Patent - on a workstation outfitted with a DTG Battery System, the removable battery may either be in a charging state or a discharging state.

### Count I - Declaratory Judgment of Non-Infringement of the '607 Patent

18. DTG restates and incorporates by reference its allegations in Paragraphs 1 through 16 of its Counterclaim as if fully set forth herein.

19. An actual case or controversy exists between DTG and Enovate as to whether or not the '607 Patent is infringed by DTG.

20. DTG does not infringe, and has not infringed the '607 Patent pursuant to 35 U.S.C. §271, literally or under the doctrine of equivalents, by making, using, selling or offering to sell workstations equipped with the DTG Battery System.

21. DTG is entitled to a judgment declaring that it does not infringe, and has not infringed, the '607 Patent by making, using, selling or offering to sell workstations equipped with the DTG Battery System, either literally or under the doctrine of equivalents.

### Exceptional Case

22. On information and belief, this is an exceptional case entitling DTG to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Enovate's assertion of the '607 Patent against DTG with the knowledge that DTG does not infringe any valid or enforceable claim of the '607 Patent.

### Prayer for Relief

WHEREFORE, DTG prays for judgment as follows:

a. A judgment in favor of DTG denying Enovate all relief requested in its Complaint in this Action and dismissing Enovate's Complaint with prejudice;

b. A judgment in favor of DTG on its Counterclaim;

c. A declaration that DTG has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '607 Patent;

    d.    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to DTG of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

    e.    Such other and further relief as this Court deems just and proper.

## Demand for Jury Trial

In accordance with Rule 38 of the Federal Rules of Civil Procedure, DTG respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: April 13, 2018

Respectfully submitted,

DEFINITIVE TECHNOLOGY GROUP, LLC

By and through its attorneys,

/s/ Bradley M. Stohry
Bradley M. Stohry (Ind. Atty. No. 25820-49)
REICHEL STOHRY LLP
212 West 10th Street, Suite A-285
Indianapolis, IN 46202
Phone: (317) 423-8820
Fax: (317) 454-1349
brad@rsindy.com
(Admitted *pro hac vice*)

Catherine I. Rajwani (BBO# 674443)
THE HARBOR LAW GROUP
300 West Main Street, Bldg. A, Unit 1
Northborough, MA 01532
Phone: (508) 393-9244
Fax: (508) 393-9245
crajwani@harborlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Bradley M. Stohry*